IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT DAYTON, OHIO

| IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST, et al. | ) ) ) | CASE NO. 3:10-CV-123 |
|---|---|---|
| Plaintiffs, | ) ) ) | JUDGE WALTER H. RICE |
| v. | ) ) | |
| KINCAID STEEL ERECTORS, INC., et al. | ) ) | |
| Defendants. | ) | |

**ENTRY AND ORDER GRANTING DEFAULT JUDGMENT AGAINST KINCAID STEEL ERECTORS, INC. AND BRAD KINCAID**

---

This is an action brought by three employee benefit plans against an employer, Kincaid Steel Erectors, Inc. ("Kincaid Steel") and against a plan fiduciary, Brad Kincaid (hereinafter Kincaid Steel and Brad Kincaid shall be referred to jointly as "Defendants"). This Case was brought to collect delinquent contributions owed to the plans, reasonable costs and attorneys' fees, liquidated damages, interest, and declaratory and injunctive relief pursuant to the provisions of the Employee Retirement Income Security Act, 29 U.S.C. §1001, *et seq.* ("ERISA"). Specifically, it is alleged that Kincaid Steel violated 29 U.S.C. §1145, by failing to make required contributions to the plans in various months. It is also alleged that Brad Kincaid, who is the principal and primary shareholder of Kincaid Steel, breached his fiduciary duties to the plans in violation of 29 U.S.C. § 1104(a)(1)(A). The plans are seeking that Defendants Kincaid Steel and Brad Kincaid be held jointly and severally liable for all amounts owed.

The three employee benefit plans are the Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust ("Benefit Trust"), the Iron Workers District Council of Southern Ohio

1

& Vicinity Pension Trust ("Pension Trust"), and the Iron Workers District Council of Southern Ohio & Vicinity Annuity Trust ("Annuity Trust") (hereinafter Benefit Trust, Pension Trust, and Annuity Trust shall be referred to collectively as "Trusts" or "Plaintiffs"). Trusts are each governed by a written Trust Agreement. Plaintiffs submitted copies of the Benefit Trust Agreement, the Pension Trust Agreement, and the Annuity Trust Agreement as Exhibits 1-3 to Ms. Gotthardt's affidavit, which was filed with their Memorandum in Support of their Motion for Default Judgment. Kincaid Steel was bound to the Benefit Trust Agreement, the Pension Trust Agreement, and the Annuity Trust Agreement because it is signatory to a participation agreement with Trusts that is dated June 25, 2009. A copy of this participation agreement was attached as Exhibit 4 to Ms. Gotthardt's affidavit. Trusts further submitted evidence that Kincaid Steel is signatory to collective bargaining agreements with Iron Workers Local Union Nos. 70 and 769. A copy of the signature pages from these collective bargaining agreements were submitted as Exhibit 5 to Ms. Gotthardt's affidavit.

Trusts are employee benefit plans maintained pursuant to employer contributions, which are required by collective bargaining agreements between unions and signatory employers. Therefore, Trusts are multi-employer plans within the meaning of ERISA, 29 U.S.C. §1002(37)(A).

This Court has jurisdiction over the Case pursuant to sections 29 U.S.C. §§ 1132(a), 1132(e)(1), 1132(f) and 1132(g)(2), which provide that the United States District Courts shall have exclusive jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce the provisions of ERISA, to enforce the terms of covered plans, and to redress violations of 29 U.S.C. §1145. Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2), as Trusts are administered in Vandalia, Ohio, which is located in Montgomery County, Ohio.

Trusts have standing to prosecute this Case against Defendants pursuant to 29 U.S.C. §1132(d)(1).

This action was commenced on April 1, 2010. (Doc. #1). The Clerk of this Court made an entry of Default against Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on May 5, 2010, as Defendants failed to answer or otherwise defend against the Complaint, despite being served. (Doc #5). Now before this Court is Plaintiffs' unopposed Motion for Default Judgment pursuant to Fed.R.Civ.P. 55(b) ("Motion for Default Judgment"). (Doc. #7). Plaintiffs have also submitted an unopposed memorandum in support of their Motion for Default Judgment ("Memo in Support of Default Judgment"), with the supporting affidavit of Ms. Peggy Gotthardt and ten exhibits attached thereto. This Court has reviewed and considered all documents filed by Trusts in this Case. As alleged in Ms. Gotthardt's affidavit, this Court finds that Defendants are not infants, incompetent persons, or in the military service of the United States of America.

Defendants have not contested any facts alleged by Trusts in this Case. Accordingly, this Court finds that Kincaid Steel failed to remit contributions to Trusts pursuant to its obligations under the Benefit Trust Agreement, the Pension Trust Agreement, and the Annuity Trust Agreement. Furthermore, Kincaid Steel failed to pay Trusts for amounts assessed as liquidated damages and interest under those agreements. Accordingly, Trusts are entitled to a remedy against Kincaid Steel for these violations of ERISA. This Court also finds that Brad Kincaid is a fiduciary to Trusts pursuant to 29 U.S.C. § 1002(21)(A), and that Brad Kincaid breached his fiduciary obligations to Trusts by exercising his discretion and control to deprive Trusts of plan assets that consisted of monetary fringe benefit contributions. Plaintiffs are seeking to recover all amounts owed for delinquent contributions, liquidated damages, interest, costs, and

reasonable attorneys' fees from Kincaid Steel and Brad Kincaid personally, jointly and severally. Based on Plaintiffs' uncontested filings, this Court finds that Brad Kincaid is a fiduciary to Trusts within the meaning of 29 U.S.C. § 1002(21)(A), and that as alleged, Brad Kincaid breached his fiduciary duties to Trusts by exercising his discretion and control to deprive Trusts of fringe benefit contributions that constituted plan assets. Brad Kincaid and Kincaid Steel are thus jointly and severally liable to Trusts for all delinquent contributions, liquidated damages, interest assessments, costs, and reasonable attorneys' fees in this Case.

In this Case, the amount of unpaid employer contributions, interest, and liquidated damages are sums certain that can be calculated from the terms of the Benefit Trust Agreement, the Pension Trust Agreement, and the Annuity Trust Agreement, all of which were attached to Ms. Gotthardt's affidavit. Defendants are obligated to pay these amounts pursuant to ERISA, 29 U.S.C. §1145. Ms. Gotthardt's affidavit and the exhibits thereto, Plaintiffs' Motion for Default Judgment, and the Memorandum in Support of Default Judgment put forth and substantiate these amounts as being <u>One-Hundred-Sixty-Two-Thousand Six-Hundred-Twenty-One and 34/100 Dollars ($162,621.34)</u>. Defendants have not contested these amounts. Trusts are entitled to recover the unpaid contributions, liquidated damages, and interest amounts from Defendant as damages in this Case pursuant to ERISA, 29 U.S.C. §1132(g)(2). The Trusts are also entitled to their reasonable attorneys' fees, the costs of this action, as well as declaratory and injunctive relief pursuant to 29 U.S.C. §1132(g)(2). Therefore, upon Trusts' Motion, judgment is hereby entered against Kincaid Steel and Brad Kincaid, jointly and severally, and in favor of the Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust, Pension Trust, and Annuity Trust pursuant to Fed. R. Civ. P. 55(b).

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. A declaratory order is issued, requiring Defendants to submit to a payroll audit within fifteen (15) days of this Order granting Plaintiffs' Motion for Default Judgment, should Plaintiffs determine that such a payroll audit is necessary;

2. A monetary judgment is entered in favor of Plaintiffs and against Defendants, jointly and severally, in the amount of <u>One-Hundred-Sixty-Two-Thousand Six-Hundred-Twenty-One and 34/100 Dollars ($162,621.34)</u> for delinquent contributions, interest, and liquidated damages, and for any additional delinquent contributions, liquidated damages, or interest assessments that are found to be owed to Plaintiffs, after an audit of Defendants' payroll records;

3. A monetary judgment is entered in favor of Plaintiffs and against Defendants, jointly and severally, for Plaintiffs' reasonable attorneys' fees and costs pursuant to Title 29 U.S.C. § 1132(g)(2)(D), with the amount of Plaintiffs' reasonable costs and attorneys' fees to be set forth in an affidavit of Plaintiffs' counsel and filed in accordance with this Court's local rules;

4. A permanent injunction is issued against Defendants pursuant to 29 U.S.C. § 1132(g)(2)(E), enjoining Defendants from future violations of ERISA, Title 29 U.S.C. § 1145 with respect to Plaintiffs;

5. A declaratory order from this Court requiring Defendants to timely submit all employer reporting forms to Plaintiffs in the future;

6. A declaratory order is issued, requiring Defendants to submit to Plaintiffs the hourly report from September of 2009;

7. A monetary judgment is entered in favor of Plaintiffs and against Defendants, jointly and severally, for interest pursuant to 28 U.S.C. § 1961; and

8. This Court shall retain jurisdiction over this Case pending Defendants' compliance with this Judgment Entry.

This is a judgment in favor of Plaintiffs and against Defendants Kincaid Steel Erectors, Inc. and Brad Kincaid, jointly and severally, for delinquent contributions, prejudgment interest, and liquidated damages in the amount of **$162,621.34**. This judgment further awards Plaintiffs the following relief from Defendants Kincaid Steel Erectors, Inc. and Brad Kincaid, jointly and severally: (i) interest computed pursuant to Title 28 U.S.C. §1961; (ii) Plaintiffs' reasonable attorneys' fees and the costs of this action in such amounts to be set forth in an affidavit of Plaintiffs' counsel; and (iii) declaratory and injunctive relief. Plaintiffs' counsel shall submit a statement of costs and attorneys' fees pursuant to the Local Rules of this Court after the entry of this Order.

IT IS SO ORDERED this 25th day of may, 2010.

_____
United States Federal District Court Judge